**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| APRIL M. BOWMAN, ) | |
| ) | |
| Plaintiff, ) | No. 0:15-cv-01782-DCN |
| vs. ) | |
| ) | |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*,[1] ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's ("the Commissioner") decision denying plaintiff April Bowman's ("Bowman") application for disability insurance benefits ("DIB"). Bowman filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Bowman initially filed for DIB on August 5, 2009, alleging an onset of disability date of August 14, 2004, which was amended to November 1, 2004. Tr. 36. The Social Security Agency ("the Agency") denied Bowman's claim initially on December 23, 2009, and on reconsideration on June 1, 2010. Tr. 36. Bowman requested a hearing

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

before an administrative law judge ("ALJ"), and ALJ Edward Morris held the first hearing on February 3, 2011.  Tr. 36.

The ALJ issued a decision on February 25, 2011, finding that Bowman was not disabled under the Social Security Act.  Id. at 45.  Bowman requested Appeals Council review of the ALJ's decision.  Id. at 510.  The Appeals Council denied Bowman's request for review, rendering the ALJ's decision the final action of the Commissioner.  Brown appealed the ALJ's decision to this court and obtained an order of remand on March 21, 2014.  Tr. 509–522.  See Bowman v. Colvin, No. 3:12-cv-03589-DCN, 2014 WL 1155405, at *1 (D.S.C. Mar. 21, 2014).  Upon remand, the Appeals Council directed the ALJ to

> clarify through vocational expert testimony of whether (1) claimant's inability to perform her past relevant work prevented her from performing any light exertional work; (2) there were jobs that existed in significant numbers in the national economy that claimant could have performed.

Tr. 440.

On November 6, 2014, Bowman and Arthur F. Schmitt, an impartial vocational expert, appeared at a hearing before the same ALJ in North Charleston, South Carolina.  On January 26, 2015, the ALJ issued a decision finding that Bowman was not disabled.  Tr. 440–51.

Bowman filed the present action seeking review of the ALJ's decision on April 23, 2015.  The magistrate judge issued an R&R on May 9, 2016, recommending that the ALJ's decision be affirmed.  Bowman filed objections to the R&R on June 9, 2016, to which the Commissioner replied on June 21, 2016.  The matter is now ripe for the court's review.

### B.  Medical History

Because Bowman's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Bowman was born on May 28, 1971, and was thirty-three years old at the time of her alleged disability onset date. Tr. 133. She completed one year of post-secondary education and has past relevant work experience as a server at a restaurant. Tr. 169, 173.

### C.  ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of

proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Bowman was disabled from November 1, 2004, through December 31, 2009, her date last insured. At step one, the ALJ found that Bowman did not engage in substantial gainful activity from the amended alleged onset date of November 1, 2004, to the date of last insured, December 31, 2009. Tr. 442. At step two, the ALJ found that Bowman suffered from the following severe impairment: degenerative disc disease. Id. At step three, the ALJ found that Bowman's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments. Tr. 444; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Bowman had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. § 404.1567(b), with several restrictions. Id. Specifically, the ALJ found that Bowman could lift and carry up to 20 pounds occasionally and 10 pounds frequently and could stand, walk and sit for 6 hours each in an 8-hour day. However, the ALJ found that Bowman could only occasionally stoop and could only occasionally climb ramps and stairs, and that she could never climb ladders. The ALJ found that Bowman was limited to performing simple, routine, repetitive tasks. Id. Finally, at step five, the ALJ determined that, considering Bowman's age, education, work experience, and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not

disabled from November 1, 2004, the amended onset date, through December 31, 2009, the date last insured. Tr. 450.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

The scope of judicial review of the Commissioner's denial of benefits is "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an

improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

### III.   DISCUSSION

Bowman objects to the magistrate judge's R&R on three grounds, arguing that the ALJ erred in: (1) discounting the opinions of treating physicians Dr. Mark Netherton of Southeastern Spin Institute ("Dr. Netherton") and Dr. Steven Poletti of Palmetto Intervention Pain Management ("Dr. Poletti"); (2) holding that the reports of the state agency doctors constituted substantial evidence and that the state agency physician opinion was consistent with the record and (3) holding that the ALJ complied with the requirements of SSR 00-4P. Pl.'s Objections 2. The court will address each of the objections below.

#### A.   Error in discounting Dr. Netherton and Dr. Poletti's Opinions

Bowman's first objection to the R&R is that the ALJ erred in discounting the opinions of treating physicians Dr. Netherton and Dr. Poletti. Pl.'s Objection 2. She contends that the ALJ's findings are unsupported by substantial evidence. Id.

The Social Security Administration typically gives greater weight to the opinion of a treating physician because a treating physician is best able to provide a "detailed, longitudinal picture" of the claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion must be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the case record. 20 C.F.R. § 416.927(c)(2). Accordingly, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be given

6

significantly less weight. Mastro, 270 F.3d at 178 (quoting Craig, 76 F.3d at 590 (4th Cir. 1996) (internal quotation marks and alterations omitted)). The ALJ has the discretion to give less weight to the testimony of a treating physician if there is "persuasive contrary evidence." Hunter, 993 F.2d at 35. However, this discretion does not allow the ALJ to "cherry-pick" inconsistencies between a treating physician's opinion and the record. Meyer-Williams v. Colvin, 87 F. Supp. 3d 769, 772 (M.D.N.C. 2015).

If the ALJ chooses to discredit the report of the treating physician, he must fully articulate the reasons for doing so. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). When a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate the opinion using the following factors:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The Fourth Circuit has not mandated that the ALJ expressly discuss each factor, and another court in this district held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010). However, the ALJ must give "good reasons" for the weight given to a treating source's opinion. § 404.1527(c)(2). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up specious inconsistencies . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164

F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

The ALJ is obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 577(c)(3)(A) (2012). "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process," and courts have remanded cases where the reasoning for the ALJ's conclusion "is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (internal citations omitted).

### 1.     Dr. Netherton

Bowman argues that the ALJ erred in discounting the opinion of Dr. Netherton, one of her treating physicians. This court previously found that the ALJ's decision regarding Dr. Netherton's opinion evidence was supported by substantial evidence. Bowman v. Colvin, 2014 WL 1155405, at *4 (D.S.C. Mar. 21, 2014) ("The ALJ was not required to give Dr. Netherton's opinion controlling weight because it was inconsistent with other substantial evidence. See Tr. 41–43. Moreover, there is no indication that the ALJ dredged up specious inconsistencies in discounting Dr. Netherton's opinion. The court declines to reweigh the evidence and instead finds that the ALJ's weighing of Dr. Netherton's opinion is supported by substantial evidence."). Since the record has not changed from this court's decision in 2014, the court once again finds that the ALJ's weighing of Dr. Netherton's opinion is supported by substantial evidence and that he was not required to give the opinion controlling weight.

### 2.     Dr. Poletti

Bowman also objects to the ALJ's decision to discount the opinion of one of her treating physicians, Dr. Poletti, a spine specialist. Tr. 446. The court finds that the ALJ weighed Dr. Poletti's opinions and reasonably found that the medical findings and observations in the record do not support them.

The ALJ based his decision to afford little weight to Dr. Poletti's testimony on multiple factors, including Dr. Poletti's failure to specify any functional limitations that would prevent Bowman from returning to work, and the lack of support for his assertion that the chances of someone returning to work after not working for years is "close to zero." Tr. 449. The ALJ determined that Dr. Poletti's clinical findings and statistics did not "provide any insight into [Bowman's] specific functional limitations." Id. The ALJ found that Dr. Poletti's regional impairment rating of approximately 40% relating to Bowman's back "[did] not provide any specific functional limitations," and that Dr. Poletti stated several times that he was 'not even sure' of claimant's exact impairment relating to her back. Id.

Contrary to Bowman's argument, the ALJ was not required to give Dr. Poletti's opinion controlling weight. As noted by the magistrate judge, the ALJ's decision indicates that he weighed Dr. Poletti's opinion and reasonably found that "the medical findings and observations in the record did not support them." R&R 16. To the extent Dr. Poletti opined that Bowman "should likely pursue a regular course of narcotic analgesics and a path towards Social Security Disability," Tr. 449, the determination of disability is within the sole purview of the ALJ. See 20 C.F.R. § 404.1527(d) (explaining that the issue of whether a claimant is disabled or unable to work is reserved to the

commissioner, and opinions by medical sources on that point are not entitled to special significance).

The ALJ's decision reflects an application of the relevant factors in Dr. Poletti's opinion in the context of the entire record, and appropriate reliance on medical records and treatments in determining that the opinions were unsupported. R&R at 10. Bowman is asking the court to reweigh evidence, but this is not the province of this court. See Johnson, 434 F.3d at 653 (a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). The court can find no error in the treatment of Dr. Poletti's opinion by either the magistrate judge or the ALJ. Therefore, Bowman's first objection fails.

**B.     Non-Examining Physician Rule**

Bowman's second objection is that the magistrate judge erred in finding that the reports of the state agency doctors were substantial evidence and that the state agency physician's opinion was consistent with the record. Pl.'s Objection 2.

The testimony of a non-examining physician can be relied upon when it is consistent with the record. Kyle v. Cohen, 449 F.2d 389, 492 (4th Cir. 1971). However, it cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is "contradicted by all of the other evidence in the record." Martin v. Secretary of Health, Education and Welfare, 492 F.2d 905 (4th Cir.1974)(emphasis added). In Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004), the Fourth Circuit found that the ALJ properly considered the residual functional capacity assessments of non-examining state agency physicians in the context of the other medical and vocational evidence before him.

Here there is no indication that the ALJ relied on the opinion testimony of the state agency doctors alone in finding that Bowman was not disabled, or that the state agency doctor's opinions were contradicted by all of the other evidence in the record. While the ALJ gave significant weight to the opinion of state agency medical consultants William Cain, M.D. and Jean Smolka, M.D., both of which opine that Bowman could perform light work, these opinions were "consistent with the overall evidence of record." Tr. 448. The ALJ found that Bowman did not need a cane or other assistive device, that she drove a car a "couple of times a week" to shop for groceries, and that she was able to complete household tasks such as preparing dinner and doing laundry. Tr. 444. Thus, the opinions of the state agency physicians that Bowman could perform light work were consistent with the evidence before the ALJ.

Bowman further contends that the report of the state agency physicians differed from the findings of Southern Spine Institute and the consultive exam of [Dr.] Temisan Etikerentse, and that the report should therefore be discounted. Pl.'s Objection 5. Bowman cites Hall v. Harris, 658 F.2d 260 (4th Cir. 1981) to argue that since the state agency physician did not personally examine her, his report is not substantial evidence when contradicted by evidence in the record. However, this argument mischaracterizes the ruling in Harris, which held that "a non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record." Id. at 345 (citing Martin v. Secretary of Health, Education and Welfare, 492 F.2d 905, 908 (4th Cir.1974)) (emphasis in original). It is also contradictory to the ruling in Smith v. Schweiker, 795 F.2d 343 (4th Cir. 1986), where the Fourth Circuit held that the opinions of a non-examining

physician must be consistent with the record <u>as a whole</u> to constitute substantial evidence. These cases do not stand for the proposition that the opinion of a non-examining physician must be consistent with <u>every</u> piece of evidence on the record, just that the opinions should be consistent with the record as a whole. Accordingly, just because the non-examining physician opinions were inconsistent with Dr. Etikerentse's consultive exam does not mean that the opinion cannot still be substantial evidence. The ALJ was well within his discretion in using the opinions from the non-examining state agency physicians to support his decision, as the opinions were consistent with the rest of the record. R&R at 11.

Since this court cannot reweigh opinion evidence and Bowman has failed to show that the ALJ's findings are unsupported by substantial evidence, plaintiff's second objection fails.

### C.     Vocational Expert

Bowman's third objection is that the ALJ erred in applying SSR 00-4P and did not ask any questions to the Vocational Expert ("VE") about the conflict between the VE's testimony and the occupation information in the Dictionary of Occupational Titles ("DOT"). Pl.'s Objection 6. This court's decision in Bowman's prior proceeding instructed the ALJ to consider whether Bowman's inability to perform past relevant work prevented her from performing any light work, and to utilize a VE in making this determination. See Bowman, 2014 WL 1155405.

To prove that a disability claimant has the residual function capacity for substantial gainful activity, the government must prove by substantial evidence that plaintiff has vocational qualifications to perform specific jobs and that plaintiff can work

despite the accumulated effect of all his disabilities.  Lester v. Schweiker, 683 F.2d 838 (4th Cir. 1982).  When there is an apparent unresolved conflict between the vocational expert's evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the vocational expert's evidence to support a determination or decision about whether the claimant is disabled.  SSR 00-04p; see also Rholetter v. Colvin, 639 F. App'x 935 (4th Cir. 2016) (ALJ erred by not identifying and asking VE about apparent conflict between VE's testimony and the DOT, and relying on VE's testimony despite failure to provide a reasonable explanation for apparent conflict.).

The VE testified that an individual of Bowman's age, education, work experience, and residual functional capacity would have been able to perform the requirements of a storage facility clerk, ticket taker, and coupon clerk, all positions with an exertion level of "light."  R&R at 13.  "Light work" is defined as lifting no more than 20 pounds at a time, with frequent carrying of objects weighing up to 10 pounds.  20 C.F.R. §§ 404.1567(b), 416.967(b).  Bowman contends that there is a conflict between the VE's testimony that the lifting requirement for these jobs is "practically no lifting," Tr. 473, and the DOT's classifications for the storage facility clerk and coupon redemption clerk positions, which encompass other separately defined occupations that actually involve medium work. Pl.'s Objections 6.  For example, Bowman argues that the storage facility clerk position would have to "clean the facility and maintain the premises in an orderly condition," R&R at 13, and that these cleaning duties could be construed as doing janitorial work, which the DOT classifies as medium work and exceeds Bowman's residual functional capacity.  Pl.'s Objections 6.  She has a similar argument for the coupon redemption clerk position.  Id.

However, this argument conflates the positions of storage facility clerk, ticket taker, and coupon clerk, all of which the DOT classifies as "light," with separate janitorial positions that the DOT has listed at higher exertional levels.  Bowman's contention that the DOT's classifications for the storage facility clerk and coupon redemption clerk positions are in conflict with the VE testimony because the DOT's descriptions of the storage facility clerk and coupon redemption clerk positions encompass other separately defined occupations—specifically, janitorial positions —that actually involve medium work is unpersuasive.  The positions that the VE recommended are consistent with Bowman's residual function capacity of light, and Bowman has failed to demonstrate an actual conflict between the VE testimony and the DOT classifications.

Therefore, plaintiff's third objection fails.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 30, 2016**
**Charleston, South Carolina**